IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-315-R |
| | ) | |
| OFFICER STEVENS; | ) | |
| CAPTAIN ROPER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and United States District Court Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. The undersigned recommends that the court dismiss Plaintiff's complaint on screening.

### I. Plaintiff's allegations.

Plaintiff alleges that in May 2014, Defendant Officer Stevens called him a "'boy' in a racially derogatory manner" and then attempted to provoke Plaintiff into a physical altercation by threatening him with "mace" and pulling his "baton in [a] threatening . . . 'combative' manner." Doc. 1, at 2-3. Plaintiff further alleges that Defendant Captain Roper never responded to his request to staff complaining about Defendant Stevens' conduct. *Id.*

## II. Screening responsibilities.

Because Plaintiff is proceeding in forma pauperis, Doc. 6, and has sued government officials, Doc. 1, at 1-2, the court has a duty to screen the complaint. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). The court must dismiss any claim that fails to state a claim upon which relief may be granted. *Id.* §§ 1915A(b)(1), 1915(e)(2)(B)(ii). To survive the review, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, the court assumes the truth of all well-pleaded factual allegations and construes them in the light most favorable to Plaintiff. *Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

## III. Plaintiff's claims against Defendant Stevens.

Plaintiff seeks monetary relief against Defendant Stevens based on one incident of racially charged verbal abuse and verbal threats of violence. Doc. 1, at 2-3. However, even if the court assumes that Plaintiff's allegations are true, "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment." *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (dismissing in a footnote plaintiff's allegation that prison officer "threaten[ed] to spray him with mace"); *see also Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004) (holding that if the prison official "abused [plaintiff] with a racial epithet," "it

is inexcusable and offensive; it does not, however, amount to a constitutional violation"). So, the undersigned finds that Plaintiff has failed to state a valid claim for relief against Defendant Stevens, and the court should dismiss the claims against him with prejudice. *See Curley v. Perry*, 246 F.3d 1278, 1284 (2001) (holding that where "amendment would be futile," the court may dismiss a claim with prejudice).

## IV. Plaintiff's claim against Defendant Roper.

According to Plaintiff, Defendant Roper denied him due process when she failed to respond to his request to staff complaining about Defendant Stevens' conduct. Doc. 1, at 2-3. Again, the undersigned finds that Plaintiff has failed to state a valid claim for relief.

An inmate lacks any "independent constitutional right to state administrative grievance procedures." *Boyd v Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (collecting cases). Because Plaintiff has no protected liberty interest in the grievance process, *see id.*, Defendant Roper's refusal to respond to his request to staff did not violate Plaintiff's due process rights. *See Adams v. Jones*, CIV-10-920-F, 2012 WL 1592761, at *2 (W.D. Okla. Mar. 28, 2012) (magistrate judge's unpublished recommendation) (recommending that the court dismiss plaintiff's claim that the prison official's refusal to respond to his grievance violated his right to due process because "Plaintiff lacks a protected liberty interest in the prison's grievance process"), *adopted*,

3

2012 WL 1564730, at *1-2 (W.D. Okla. May 3, 2012) (unpublished district court order). The undersigned likewise recommends that the court dismiss the claim against Defendant Roper with prejudice.[1]

## V. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court dismiss Plaintiff's § 1983 complaint, Doc. 1, with prejudice on screening.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by May 14, 2015 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the court's referral to the undersigned Magistrate Judge.

---

[1] "'When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts . . . .'" *Boyd*, 443 F. App'x at 332 (citation and internal brackets omitted). The undersigned notes that even if Defendant Roper refused to respond to Plaintiff's request to staff, her action did not deprive Plaintiff of access to this Court. So "any alleged denial of access to state administrative grievance procedures has not resulted in a violation of his constitutional rights." *Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004).

ENTERED this 24th day of April, 2015.

                                                                                  SUZANNE MITCHELL
                                                                                  UNITED STATES MAGISTRATE JUDGE