IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-315-R |
| | ) | |
| OFFICER STEVENS; CAPTAIN ROPER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing pro se, filed a complaint under 42 U.S.C. § 1983 for "racial prejudice" and a due process violation. Doc. No. 1, at 3. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On April 24, 2015, Judge Mitchell issued a Report and Recommendation wherein she recommended that this action be dismissed for failure to state a claim upon which relief can be granted. Doc. No. 8, at 3. The matter is currently before the Court on Plaintiff's objection to the Report and Recommendation, Doc. No. 9, giving rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff specifically objects.

Plaintiff alleges that Defendant Stevens verbally harassed him and threatened him with physical harm, and that when he filed an Offender Request, Defendant Roper never responded to it. Doc. No. 1, at 2. He brings a claim of "racial prejudice" against Defendant Stevens and a due process claim against Defendant Roper. *Id.* at 3. Judge Mitchell recommends dismissing this action because the allegations concerning

Defendant Stevens do not amount to a violation of the Eighth Amendment, and Defendant has no liberty interest in the prison's administrative grievance process. Doc. No. 8, at 2-4.

In his objection, Plaintiff states that one night, Defendant Stevens kept him and his cell mate "awake all during the night by kicking the door [and] shining his flash light directly in [Plaintiff's] face on each count during his shift." Doc. No. 9, at 1. Even assuming this allegation is true, it does not rise to the level of an Eighth Amendment violation. The Tenth Circuit has held that "continuous lighting within a cell during a short-term period of solitary confinement, along with other restrictions, did not amount to a constitutional violation." *Murray v. Edwards Cnty. Sheriff's Dep't*, 248 F. App'x 993, 998 (10th Cir. 2007) (unpublished) (citing *Gregory v. Wyse*, 512 F.2d 378, 382 (10th Cir. 1975)). Moreover, one night without sleep is not sufficiently prolonged and severe to constitute cruel and unusual punishment in violation of the Eighth Amendment. *See DeSpain v. Uphoff*, 264 F.3d 965, 964 (10th Cir. 2001) ("While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance. For example, a filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." (quoting *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)) (internal quotation marks omitted)).

Plaintiff also states that not only did Defendant Roper not answer his Offender Request; she also "misplace[d] or destroy[ed] the grievance itself." Doc. No. 9, at 4. This allegation does not alter Judge Mitchell's analysis, in which she correctly noted that Plaintiff lacks any "independent constitutional right to state administrative grievance

procedures." Doc. No. 8, at 3 (quoting *Boyd v. Werholtz,* 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished)).

Because Plaintiff offers no other specific objection to Judge Mitchell's conclusions, the Report and Recommendation [Doc. No. 8] is ADOPTED, and Plaintiff's § 1983 complaint [Doc. No. 1] is DISMISSED.

IT IS SO ORDERED this 22nd day of May, 2015.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**